United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRED C. CARR, JR., individually,

    Plaintiff,

v.

ALLIED WASTE SYSTEMS OF ALAMEDA COUNTY, RAY ATKINSON, FRED PENNING AND BROTHERHOOD OF THE TEAMSTERS LOCAL UNION #70, DOMINIC CHIOVARE (BUSINESS AGENT) & PRESIDENT JOE SILVA,

    Defendants.

No. C 10-00715 WHA

**ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION**

## INTRODUCTION

In this employment action, plaintiff Fred C. Carr, Jr., proceeding pro se, moves to disqualify the Honorable Phyllis J. Hamilton from continuing to preside over the above-captioned proceeding. Plaintiff argues for disqualification under 28 U.S.C. 144 on the grounds that the judge erred in the proceeding by failing to make the factual determinations he requested. Because plaintiff's motion for disqualification is based solely on adverse rulings and makes no allegations of bias from an external source, plaintiff's affidavit is legally insufficient. Accordingly, plaintiff's motion for disqualification is **DENIED**.

## STATEMENT

### 1. PLAINTIFF'S FIRST CASE.

Following a dispute with his employer, plaintiff Fred C. Carr, Jr. filed an action in the Superior Court of Alameda County on September 1, 2009. Defendants removed the case to

1 federal court due to the existence of federal claims. It was assigned to the Honorable Phyllis J.
2 Hamilton.

3 Defendants filed a FRCP 12(b)(6) motion to dismiss, and plaintiff responded by filing a first amendment complaint. It alleged: (1) violation of California Labor Code § 2856, (2) general negligence in violation of California Labor Code § 2856 (3) intentional misconduct (referring to violations of the Collective Bargaining Act (CBA) and of California Labor Code § 2856), (4) violation of California Civil Code § 1790, and (5) declaratory relief as to the meaning of the terms "direct order" and "aggressive manner" (defined in the CBA) and as to whether the actions of the grievance panel violated the CBA and California Labor Code § 2856. Defendants moved to dismiss the amended complaint under FRCP 12(b)(6).

Judge Hamilton granted defendants' motion to dismiss the first amended complaint and dismissed the entire action on December 11, 2009. This was done on the grounds that Carr's claims were preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. 185, because they were based on alleged violations of the collective bargaining agreement between Carr and defendants (Dkt. No. 29).

## 2. PLAINTIFF'S SECOND CASE.

On February 2, 2010, plaintiff filed a very similar second complaint against defendants. Defendants removed the action to federal court based on federal question jurisdiction. The second case was originally assigned to the undersigned. The case was later reassigned to Judge Hamilton, however, because it was substantially related to plaintiff's first case. Plaintiff filed a motion for reconsideration of his motion for preliminary injunction, and Judge Hamilton denied it because it was based on a claim in plaintiff's first case. On June 11, plaintiff filed the instant motion to disqualify Judge Hamilton. The motion was randomly assigned to the undersigned judge.

## ANALYSIS

28 U.S.C. 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a *personal bias or prejudice either against him or in favor of any adverse party*, such judge shall

> proceed no further therein, but another judge shall be assigned to hear such proceeding . . . .

The standard for recusal under 28 U.S.C. 144 is "whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). A court's adverse rulings are not an adequate basis for recusal. *Liteky v. United States*, 510 U.S. 540, 549 (1994). Absent some evidence of bias or prejudice originating outside of a proceeding, a judge's rulings may be considered as a basis for disqualification "only in the rarest of circumstances." *Id.* at 555. This is true even if some or all of the judge's rulings are legally erroneous.

Plaintiff's twenty-page declaration repeatedly alleges that Judge Hamilton erred by failing to make the factual determinations plaintiff requested. Not once does plaintiff allege pre-existing or extrinsic bias, against him or any party, originating outside of the proceeding. Plaintiff's declaration simply expresses his disagreement with Judge Hamilton's rulings and his belief that she has committed errors. Given that the court's adverse rulings are not an adequate basis for recusal, even in the event of error, plaintiff does not satisfy the standard. His motion utterly fails to demonstrate that this is one of the "rarest of circumstances" in which disqualification should be granted. Plaintiff's remedy, if there is one, is to raise his criticisms via a proper appeal.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for disqualification under 28 U.S.C. 144 is **DENIED.**

**IT IS SO ORDERED.**

Dated: June 23, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3