UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRED C. CARR, JR.,

    Plaintiff,

    v.

ALLIED WASTE SYSTEMS OF ALAMEDA COUNTY, et al.,

    Defendants.

_____/

No. C 10-0715 PJH

**ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT**

Before the court is the motion of pro se plaintiff Fred C. Carr, Jr., for leave to file a third amended complaint. Having read the parties' papers and carefully considered their arguments, and the relevant legal authority, the court hereby DENIES the motion.

## BACKGROUND

Plaintiff was terminated from his employment with Allied Waste Systems of Alameda County ("Allied") on April 8, 2009. On September 1, 2009, plaintiff filed suit in the Superior Court of California, County of Alameda, against Allied and Allied employees Ray Atkinson and Fred Penning, alleging claims arising out of his termination. On October 1, 2009, Allied removed the case to this court, as case No. C-09-4675. Plaintiff subsequently filed a first amended complaint, which Allied moved to dismiss.

On December 11, 2009, the court granted the motion, on the ground that plaintiff's state law claims were preempted by § 301 of the Labor Management Relations Act

("LMRA"), 29 U.S.C. § 185, as they were based on alleged violations of the collective bargaining agreement ("CBA") that governed plaintiff's employment at Allied, and because plaintiff had not exhausted the remedies required under the CBA. Plaintiff filed a notice of appeal, and on March 8, 2011, the Ninth Circuit issued an order affirming the dismissal. On March 18, 2011, plaintiff filed a petition with the Ninth Circuit seeking re-hearing en banc. To date, the Ninth Circuit has not responded to this request.

Meanwhile, on February 2, 2010, plaintiff filed the present action in Alameda County Superior Court, alleging numerous state law claims against Allied, Ray Atkinson, and Fred Penning (collectively, "the Allied defendants); and Brotherhood of Teamsters Local No. 70 ("the Union"), and Union officials Dominic Chiovare and Joe Silva (collectively, "the Union defendants). On February 19, 2010, defendants removed the case to this court.

On April 7, 2010, the Allied defendants filed a motion to dismiss. On May 6, 2010, plaintiff filed a first amended complaint, alleging 19 state law causes of action against the Allied defendants, the Union defendants, and David Rosenfeld and the law firm of Weinberg, Roger & Rosenfeld ("the law firm defendants"). The Allied defendants withdrew their motion to dismiss the original complaint.

In June 2010, the Allied defendants and the Union defendants (joined by the law firm defendants) each filed a motion to dismiss. Following the completion of briefing, the court issued a 29-page order on November 23, 2010, granting the Allied defendants' motion and granting in part and denying in part the Union/law firm defendants' motion. The court dismissed all the numerous state law claims against the Allied defendants and the Union, with leave to amend to allege a hybrid § 301/duty of fair representation claim. The court set a December 29, 2010 deadline for filing the second amended complaint.

In addition, the claims against Dominic Chiovare and Joe Silva were dismissed with prejudice, and the motion to dismiss the claims against the law firm defendants was denied, based on defendants' having failed to make any argument regarding those specific claims. The order further directed plaintiff that he was not to add any additional claims or parties without leave of court.

Nevertheless, on December 22, 2010, plaintiff submitted a proposed second amended complaint that included claims against defendant Dominic Chiovare, and two new defendants – Allied employee Dan Lydon, and Scott Gore, one of Allied's attorneys. On December 28, 2010, the court issued an order stating that the proposed second amended complaint would not be accepted for filing because plaintiff had added new defendants without leave of court and had added allegations against a third defendant whom the court had previously dismissed with prejudice.

The court gave plaintiff a further extension – until January 12, 2011 – to file an amended complaint that complied with the instructions in the November 23, 2010 order, or a motion for leave to amend. Plaintiff did not meet this deadline, and on February 7, 2011, the court issued another order, giving plaintiff until February 17, 2011 to either file an amended complaint, or show cause in writing why the action should not be dismissed.

On February 15, 2011, plaintiff filed a revised second amended complaint, which the court interprets as alleging claims only against Allied, the Union, and the law firm defendants. Also on February 15, 2011, plaintiff filed the present motion for leave to file a third amended complaint, to add Dan Lydon and Scott Gore as defendants, as "agents" for defendant Allied, and also requesting a "determination that Dominic Chiovare was acting as agent" for the Union.

A week later, on February 23, 2011, plaintiff filed another motion for leave to amend the complaint, seeking to add allegations that the Union had a duty to provide information to its members regarding their legal rights under the collective bargaining agreement, and that such failure constituted denial of the duty of fair representation. The court issued an order advising plaintiff that it would not consider another request for leave to amend until the motion filed on February 15, 2011 had been resolved.

On March 1, 2011, plaintiff filed yet another request for leave to amend the complaint to add Dan Lydon, Scott Gore, and Dominic Chiovare as defendants. That request was denied on March 3, 2011, for the same reason that the motion filed on February 23, 2011 was denied.

## DISCUSSION

A.   Legal Standard

Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend his complaint once the defendant has answered, but "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); see also, e.g., Chodos v. West Pub. Co., 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality").  Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive.  Foman v. Davis, 371 U.S. 178, 182 (1962); Smith v. Pacific Properties and Dev. Corp., 358 F.3d 1097, 1101 (9th Cir. 2004).

However, when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is "particularly broad."  Chodos, 292 F.3d at 1003 (citation omitted).  In addition, amendments seeking to add claims are to be granted more freely than amendments adding parties.  Union Pacific R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991).

B.   Plaintiff's Motion

Plaintiff seeks leave to amend the complaint to add Dan Lydon (an Allied employee) and Scott Gore (one of Allied's attorneys) as "agents" for Allied, and to make a determination whether Dominic Chiovare was acting as an "agent" for the Union.  During the course of the briefing, plaintiff's position appears to have changed, and he now seeks leave to add Mr. Chiovare as a defendant.

Allied opposes the motion, arguing that amending the complaint to add Dan Lydon and Scott Gore would be futile.  In the November 23, 2010 order, the court dismissed the first amended complaint with leave to state only a federal hybrid § 301/duty of fair representation claim, and no state law claims.  Allied asserts that amending the complaint to add Dan Lydon and Scott Gore as defendants would be futile because a hybrid § 301/ duty of fair representation claim may not be asserted against individual defendants.

Plaintiff's arguments in response to Allied's opposition are not entirely clear.

4

Plaintiff first asserts that Allied opposes only the addition of Dan Lydon, but not Scott Gore or Dominic Chiovare. However, Allied clearly argues in its opposition to plaintiff's motion that amending the complaint to add either Dan Lydon or Scott Gore would be futile. While it is true that Allied's opposition does not address the request as to Dominic Chiovare, the court dismissed Mr. Chiovare with prejudice in the November 23, 2010 order. Dismissal with prejudice means that the court has determined that plaintiff may not name Mr. Chiovare as a defendant in this case.

The remainder of plaintiff's response to Allied's opposition is largely incomprehensible. Plaintiff appears to be asserting that his due process rights will be violated if his request for leave to amend is denied, but he has articulated no legitimate basis for this argument.

The court finds that the motion must be DENIED. When a union representing an employee against an employer in a grievance/arbitration procedure "acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation," the employee "may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding." DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 164 (1983).

The resulting hybrid action claim comprises two causes of action. Id. The suit against the employer rests on LMRA § 301, since the employee is alleging a breach of the CBA, while the suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. Id. To prevail against either the employer or the union, the employee must not only show that his discharge violated the CBA; he also carries the burden of demonstrating a breach of duty by the union. Id. at 165. Such a suit is designated a "hybrid § 301/fair representation" claim. Id.; see also Vaca v. Sipes, 386 U.S. 171, 188 (1967) (LMRA § 301 provides federal jurisdiction for hybrid § 301/fair representation claims).

The LMRA governs "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. §

185(a). Neither Dan Lydon nor Scott Gore is an "employer" against whom a § 301 claim can be asserted. Similarly, as explained in the November 23, 2010 order, union officers and employees are not individually liable for acts performed as representatives of the union in the collective bargaining process. See Atkinson v. Sinclair Ref. Co., 370 U.S. 238, 248 (1962); see also Complete Auto Transit, Inc. v. Reis, 451 U.S. 401, 407 (1981); Peterson v. Kennedy, 771 F.2d 1244, 1257-58 (9th Cir. 1985).

Accordingly, the court finds that the addition of Dan Lydon, Scott Gore, and Dominic Chiovare as defendants in plaintiff's hybrid § 301/duty of fair representation claim would be futile.

## CONCLUSION

In accordance with the foregoing, plaintiff's motion for leave to amend the complaint to add Dan Lydon, Scott Gore, and Dominic Chiovare as defendants is DENIED.

Defendants shall respond to the second amended complaint by answer or motion to dismiss within 21 days of the date of this order.

**IT IS SO ORDERED.**

Dated: May 16, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge