UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRED C. CARR, JR.,

        Plaintiff,                  No. C 10-0715 PJH

      v.                          **ORDER**

ALLIED WASTE SYSTEMS OF
ALAMEDA COUNTY, et al.,

        Defendants.

_____/

      Before the court are the motions to dismiss the second amended complaint[1] filed by defendants Allied Waste Systems of Alameda County, LLC (sued as Allied Waste Systems of Alameda County), Ray Atkinson, and Fred Penning (collectively, "Allied defendants"), Brotherhood of Teamsters Union Local No. 70 ("the Union"), and David A. Rosenfeld, and Weinberg, Roger & Rosenfeld ("Law Firm defendants).  Also before the court is plaintiff's motion to amend the complaint.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motions to dismiss and DENIES the motion for leave to amend.

**BACKGROUND**

      The factual and procedural background of this case has been set forth in some detail in the court's prior orders of November 23, 2010, and May 16, 2011.  Briefly, on April 8, 2009, plaintiff Fred C. Carr, Jr., who was employed as a driver by defendant Allied Waste Systems of Alameda County ("Allied"), reported for work and found a problem with his truck.  Plaintiff's manager, defendant Ray Atkinson ("Atkinson"), told him to take another

_____

[1] In the November 23, 2010 order granting the motion to dismiss the first amended complaint, the court granted leave to file an amended complaint, which it mistakenly referred to as the "third" amended complaint, rather than the "second" amended complaint.

United States District Court

For the Northern District of California

1   truck, but plaintiff refused, insisting that the mechanic fix the blade on his truck instead.

2   Plaintiff was terminated for insubordination.

3       At the time plaintiff was discharged, his employment was governed by the

4   "Agreement Between Brotherhood of Teamsters, Local No. 70 and BFI Waste Systems of

5   Alameda County" ("the collective bargaining agreement" or "CBA"), entered into between

6   Allied and the Union (plaintiff's bargaining representative).  The Union grieved the

7   termination, pursuant to the CBA.  Because the grievance panels were deadlocked, the

8   Union on June 22, 2009, requested arbitration pursuant to the CBA.

9       On September 1, 2009, plaintiff filed suit in the Superior Court of California, County

10  of Alameda, against Allied, Atkinson, Fred Penning ("Penning" – another Allied manager),

11  alleging claims arising out of his termination.  On October 1, 2009, Allied removed the case

12  to this court, as case No. C-09-4675. Plaintiff subsequently filed a first amended complaint,

13  which Allied moved to dismiss.

14      On December 11, 2009, the court granted the motion, on the ground that plaintiff's

15  state law claims were preempted by § 301 of the Labor Management Relations Act

16  ("LMRA"), 29 U.S.C. § 185, as they were based on alleged violations of the collective

17  bargaining agreement ("CBA") that governed plaintiff's employment at Allied, and because

18  plaintiff had not exhausted the remedies required under the CBA.  Plaintiff filed a notice of

19  appeal, and on March 8, 2011, the Ninth Circuit issued an order affirming the dismissal.

20  Plaintiff sought re-hearing en banc, and that request was denied.

21      Meanwhile, on February 2, 2010, plaintiff filed the present action in Alameda County

22  Superior Court, alleging numerous state law claims against the Allied defendants, and

23  against the Union and Union officials Dominic Chiovare and Joe Silva (collectively, "the

24  Union defendants").  On February 19, 2010, defendants removed the case to this court.

25  The Allied defendants filed a motion to dismiss.

26      The arbitration went forward as scheduled on March 10, 2010.  The Union

27  represented plaintiff at the arbitration.  On April 23, 2010, the Arbitrator issued an

28  Arbitration Opinion and Award.  The Arbitrator denied the grievance and upheld in its

1    entirely the dismissal of plaintiff from his employment.

2        On May 6, 2010, six days before the date noticed for hearing on the Allied

3    defendants' motion to dismiss, plaintiff filed a 53-page first amended complaint ("FAC"),

4    alleging 19 state law causes of action against the Allied defendants, the Union defendants,

5    and the Law Firm defendants.  The Allied defendants withdrew their motion to dismiss the

6    original complaint.

7        The Allied defendants and the Union defendants (joined by the Law Firm

8    defendants) each filed a motion to dismiss.  Following the completion of briefing, the court

9    issued a 29-page order on November 23, 2010, dismissing all the state law claims asserted

10   against the Allied defendants and the Union, with leave to amend to allege a hybrid §

11   301/duty of fair representation claim.  In addition, the claims against Union officials Dominic

12   Chiovare and Joe Silva were dismissed with prejudice, and the motion to dismiss the

13   claims against the Law Firm defendants was denied, based on defendants' having failed to

14   make any argument regarding those specific claims.

15       On February 15, 2011, after failing to meet two previous court-imposed deadlines,

16   plaintiff filed the second amended complaint, asserting claims against Allied, the Union, and

17   the Law Firm defendants.  Plaintiff alleged three causes of action – breach of good faith

18   and fair dealing pertaining to the CBA, against Allied, Atkinson, Penning, and David

19   Rosenfeld (a member of the law firm of Weinburg, Roger, and Rosenfeld, counsel for the

20   Union); breach of the duty of fair representation, against the Union and the Law Firm

21   defendants; and declaratory relief, against all defendants.

22       Also on February 15, 2011, plaintiff filed a motion for leave to file a third amended

23   complaint, to add Allied employee Dan Lydon and Allied attorney Scott Gore as

24   defendants, as "agents" for defendant Allied, and also requesting a "determination that

25   Dominic Chiovare was acting as agent" for the Union.

26       A week later, on February 23, 2011, plaintiff filed another motion for leave to amend

27   the complaint, seeking to add allegations that the Union had a duty to provide information

28   to its members regarding their legal rights under the collective bargaining agreement, and

3

that such failure constituted denial of the duty of fair representation. The court issued an order advising plaintiff that it would not consider another request for leave to amend until the motion filed on February 15, 2011 had been resolved.  On March 1, 2011, plaintiff filed yet another request for leave to amend the complaint to add Dan Lydon, Scott Gore, and Dominic Chiovare as defendants. That  request was denied on March 3, 2011, for the same reason that the motion filed on February 23, 2011 was denied.

On May 16, 2011, the court issued an order denying the motion for leave to amend that was filed on February 15, 2011.  The court noted that it had dismissed Mr. Chiovare with prejudice in its November 23, 2010 order, and that neither Mr. Lydon nor Mr. Gore was an "employer" against whom an LMRA § 301 claim could be asserted.

On June 6, 2011, the Allied defendants filed a motion to dismiss the SAC for failure to state a claim.  On June 21, 2011, the Union and Law Firm defendants filed a motion to dismiss the SAC for failure to state a claim.  On July 8, 2011, plaintiff filed a motion for leave to file a third amended complaint, adding new claims and also adding Dominic Chiovare as a defendant.

**DISCUSSION**

A.    Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint.  Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

United States District Court
For the Northern District of California

1   All allegations of material fact are taken as true. Id. at 94.  However, legally

2   conclusory statements, not supported by actual factual allegations, need not be accepted.

3   See Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949-50 (2009).  A plaintiff's obligation

4   to provide the grounds of his entitlement to relief "requires more than labels and

5   conclusions, and a formulaic recitation of the elements of a cause of action will not do."

6   Twombly, 550 U.S. at 555 (citations and quotations omitted).  Rather, the allegations in the

7   complaint "must be enough to raise a right to relief above the speculative level." Id.

8   A motion to dismiss should be granted if the complaint does not proffer enough facts

9   to state a claim for relief that is plausible on its face. See id. at 558-59.  "[W]here the

10  well-pleaded facts do not permit the court to infer more than the mere possibility of

11  misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is

12  entitled to relief.'" Iqbal, 556 U.S. __, 129 S.Ct. at 1950.

13  In addition, when resolving a motion to dismiss for failure to state a claim, the court

14  may not generally consider materials outside the pleadings, although the court may

15  consider a matter that is properly the subject of judicial notice. Lee v. City of Los Angeles,

16  250 F.3d 668, 688-89 (9th Cir. 2001); see also Mack v. South Bay Beer Distributors, Inc.,

17  798 F.2d 1279, 1282 (9th Cir. 1986) (on a motion to dismiss, a court may properly look

18  beyond the complaint to matters of public record and doing so does not convert a Rule

19  12(b)(6) motion to one for summary judgment).  Additionally, the court may consider

20  exhibits attached to the complaint, see Hal Roach Studios, Inc. V. Richard Feiner & Co.,

21  Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents referenced by the complaint

22  and accepted by all parties as authentic. See Van Buskirk v. Cable News Network, Inc.,

23  284 F.3d 977, 980 (9th Cir. 2002).

24  A.     Defendants' Motions

25  In the SAC, plaintiff alleges that the Allied defendants breached the CBA by not

26  selecting an arbitrator within 30 days after the deadlock of the grievance panels.  Plaintiff

27  also asserts that the Union breached the duty of fair representation at the arbitration

28  because it failed to raise or emphasize certain points during the arbitration.  Specifically,

United States District Court

For the Northern District of California

plaintiff contends that the Union should have notified the Arbitrator of the following: (1) that plaintiff was entitled to Union representation on April 9, 2009, the day his manager suspended him; (2) that Allied representative Dan Lydon's testimony during an unemployment hearing, to the effect that plaintiff had been suspended, was inconsistent with defendant Atkinson's testimony at the arbitration that plaintiff had been terminated; and (3) that Allied could not proceed to arbitration because it failed to choose an arbitrator within 30 days of a deadlock, which, according to plaintiff, entitles him to be reinstated to his position.

Defendants argue that the duty of fair representation claim is untimely. The statute of limitations for a duty of fair representation claim is six months. Del Costello v. International Bhd. of Teamsters, 462 U.S. 151, 172 (1983). Here, the claim, which plaintiff asserts based on his alleged treatment by the Union during the March 2010 arbitration, accrued when the arbitrator ruled in Allied's favor on April 23, 2010. Thus, defendants assert, plaintiff had until October 20, 2010, to file a timely duty of fair representation claim. However, he did not file the SAC until February 15, 2011, which was ten months after the arbitrator had ruled against him. Thus, defendants assert, the claim was untimely.

It is true that the SAC, in which plaintiff asserted the LMRA § 301 claim for the first time, was filed more than six months after the date of accrual of the claim. In this case, however, given the plaintiff's pro se status, the somewhat inadequate briefing of the relevant issues by the defendants in the prior motions to dismiss, the length of time required for the court to come to a decision on the prior motions to dismiss, and the fact that the court granted leave to amend more than six months after the claim had accrued, the court finds that the limitations period should be equitably tolled.

Defendants also contend that the SAC should be dismissed for failure to state a claim because plaintiff fails to plead facts sufficient to allege a claim for breach of the duty of fair representation. To plead a "hybrid" § 301 breach of contract/duty of fair representation claim, the plaintiff must allege not only facts showing that the employer breached the collective bargaining agreement, but also facts showing breach of the duty of

fair representation by the union, before alleging that the employer breached the CBA. <u>Vaca v. Sipes</u>, 386 U.S. 171, 186 (1967); <u>Hines v. Anchor Motor Freight, Inc.</u>, 424 U.S. 554, 570-71 (1976); <u>see also</u> <u>DelCostello v. Int'l Brotherhood of Teamsters</u>, 462 U.S. 151, 165 (1983) ("To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.").

A union breaches its duty to fairly represent its members when its conduct is "arbitrary, discriminatory, or in bad faith." <u>Vaca</u>, 386 U.S. at 190; <u>Beck v. United Food and Comm'l Workers Union Local 99</u>, 506 F.3d 874, 879 (9th Cir. 2007). Thus, in this case, to allege that the Union's conduct was arbitrary, plaintiff must plead facts showing that it was "irrational," and "without a rational basis or explanation." <u>See</u> <u>Marquez v. Screen Actors Guild, Inc.</u>, 525 U.S. 33, 46 (1998); <u>see also</u> <u>Tenorio v. N.L.R.B.</u>, 680 F.2d 598, 601 (9th Cir. 1982). This deferential standard for arbitrary conduct "gives the union room to make discretionary decisions and choices, even if those judgments are ultimately wrong." <u>Marquez</u>, 525 U.S. at 45-46.

To allege that the Union's conduct was discriminatory, plaintiff must plead facts showing discrimination that was "intentional, severe, and unrelated to legitimate union objectives." <u>See</u> <u>Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Employees of Am. v. Lockridge</u>, 403 U.S. 274, 301 (1971); <u>see also</u> <u>Vaca</u>, 386 U.S. at 177. To allege that the Union acted in bad faith, plaintiff must plead facts showing fraud, deceitful action, or dishonest conduct on the part of the union. <u>See</u> <u>Amalgamated Ass'n</u>, 403 U.S. at 299.

Here, defendants argue that the SAC fails to allege facts sufficient to show that the Union's conduct was arbitrary, discriminatory, or in bad faith. Defendants contend that plaintiff's allegations do not establish that the Union's conduct was so outside the range of reasonableness as to be irrational, or that the Union's actions were discriminatory or in bad faith. Defendants assert that at most, plaintiff's allegations consist of attempts to second-guess the decisions made by the Union's counsel, who affirmatively represented him at the arbitration.

The court finds that the motions must be GRANTED.  Plaintiff alleges no actions by the Union that can be considered arbitrary – that is, without any rational basis or explanation.  So long as a union exercises its judgment, no matter how mistakenly, it will not be deemed to be wholly irrational.  Marquez, 525 U.S. at 46; Beck, 506 F.3d at 879.

Here, the Union pursued grievances on plaintiff's behalf, and when the grievance panels were deadlocked, pursued arbitration on his behalf.  The fact that the Union's counsel may not have raised a particular argument in the course of the arbitration does not transform the Union's representation of plaintiff into "arbitrary" conduct.  None of the three points – whether factual or not – that plaintiff argues should have been raised by the Union at the arbitration are relevant to the question the parties agreed was to be decided by the arbitrator – whether plaintiff's discharge by Allied violated provisions of the CBA, and if so, what was the appropriate remedy.  Nor has plaintiff alleged facts showing that the Union's representation of him was in any way discriminatory or in bad faith.

C.   Plaintiff's Motion

Plaintiff seeks leave to amend the complaint to allege "additional facts" that he asserts support his claim of breach of the duty of fair representation.  He alleges that "defendants" failed to conduct a "ministerial investigation" on April 8, 2009 and prior to the grievance hearings; that they never met with him prior to the grievance hearings to hear his point of view; that they "changed their story" regarding the reason for his termination; that despite knowing it was not in his interest to proceed to arbitration, they engaged in selecting an arbitrator without his knowledge and consent; and that they failed to represent him before the Unemployment Appeals Board.  He also appears to be attempting to add Union official Dominic Chiovare back into the complaint, despite having been advised by the court on at least two occasions that Mr. Chiovare has been dismissed with prejudice.

The Allied defendants oppose the motion, arguing that plaintiff unduly delayed in seeking to add these "additional facts," and has offered no explanation as to why he did not allege these facts in the SAC, and furthermore, that even with the "additional facts," plaintiff still fails to state a claim for breach of the duty of fair representation.

United States District Court

For the Northern District of California

1   The court finds that the motion must be DENIED, for the reasons argued by

2   defendants.  First, plaintiff has provided no explanation as to why he failed to allege the

3   "additional facts" in his SAC.  In evaluating undue delay, the court should inquire "whether

4   the moving party knew or should have known the facts and theories raised by the

5   amendment" as of the time it filed the original pleading.  Jackson v. Bank of Hawai'i, 902

6   F.2d 1385, 1388 (9th Cir. 1990).  Here, plaintiff alleges only that the "additional facts" came

7   to his attention "in replying to [d]efendants['] FRCP 12(b)(6) [m]otions."  However, the

8   "additional facts" were clearly within plaintiff's knowledge many months – or even two or

9   more years – ago.

10   Second, the proposed amendment would be futile.  While it is true that a union's

11   duty requires some minimal investigation of employee grievances, "only an egregious

12   disregard for union members' rights constitutes a breach of the union's duty."  Castelli v.

13   Douglas Aircraft Co., 752 F.2d 1480, 1482 (9th Cir. 1985).  None of the "additional facts"

14   that plaintiff seeks to add with regard to the Union are sufficient to transform his claim

15   against the Union into a viable claim for breach of the duty of fair representation.

16   The proposed third amended complaint alleges no conduct on the part of the Union

17   that shows an egregious disregard for his rights.  Even if any of the actions alleged rises to

18   the level of negligence – which is doubtful – negligent conduct does not constitute a breach

19   of the duty of fair representation unless the union's failure to perform a ministerial act

20   completely extinguishes the employee's right to pursue his claim.  See Galindo v. Stoody

21   Co., 793 F.2d 1502, 1514 (9th Cir. 1986); see also Eichelberger v. N.L.R.B, 765 F.2d 851,

22   855 (9th Cir. 1985).  Here, the Union affirmatively represented plaintiff throughout both

23   levels of grievances and the Arbitration.  Plaintiff has alleged no conduct on the part of the

24   Union that constitutes an arbitrary, discriminatory, or bad faith action.

25                                          **CONCLUSION**

26   In accordance with the foregoing, the defendants' motions are GRANTED.  The

27   dismissal is WITH PREJUDICE, as the court finds that further amendment would be

28   FUTILE.  Because the court finds that plaintiff cannot state a hybrid § 301 claim, any claims

against the Law Firm defendants are also dismissed.

Plaintiff's motion for leave to file a third amended complaint is DENIED, and the September 14, 2011 date for the hearing on that motion is VACATED.

Finally, plaintiff's "Request to File Additional Information to Address Misleading Facts Made by Defendant Such as to Provide a Fair Hearing," filed June 29, 2011, is DENIED as an improper attempt to submit a surreply.

**IT IS SO ORDERED.**

Dated: September 8, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge