UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRED C. CARR, JR.,

    Plaintiff,

    v.

ALLIED WASTE SYSTEMS OF ALAMEDA COUNTY, et al.,

    Defendants.

    _____/

No. C 10-0715 PJH

**ORDER DENYING REQUEST FOR RECONSIDERATION**

On September 8, 2011, the court granted defendants' motions to dismiss the second amended complaint for failure to state a claim, denied plaintiff's motion for leave to file an amended complaint, and entered judgment in favor of defendants. On September 19, 2011, plaintiff Fred C. Carr, Jr., filed a motion pursuant to Civil Local Rule 7-9, seeking leave to file a motion for reconsideration.

Local Rule 7-9 governs motions for reconsideration "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case." Once judgment has been entered, as in the present case, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure Rule 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure Rule 60(b) (motion for relief from judgment). See Hinton v. Pacific Enter., 5 F.3d 391, 395 (9th Cir. 1993).

Under Rule 59(e), reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, the court committed clear error or the initial decision was manifestly unjust, or there is an intervening change in controlling law. 389 Orange Street Partners v. Arnold, 179 F.3d 656,

665 (9th Cir. 1999); see also Turner v. Burlington Northern Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003).

Under Rule 60(b), the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or ( 6) any other reason justifying relief from . . . the judgment.

Fed. R. Civ. P. 60(b).

The court finds that the motion must be DENIED because plaintiff has failed to satisfy any of the Rule 59(e) or Rule 60(b) factors. He has not established that the decision was manifestly unjust or that relief is warranted because of mistake, inadvertence, surprise, or excusable neglect. He does not point to any intervening change in the law; does not show any fraud or misrepresentation by defendants; does not assert that the judgment is void; does not argue that the judgment should have no prospective application; and does not raise any other reason justifying relief from the operation of the judgment.

Plaintiff's primary arguments appear to be that the court "failed to address factual issues," that the court's ruling was not "supported by evidence from [the] court record," that the court "made unreasonable factual determinations," and that the court failed to consider certain legal arguments made by plaintiff in his opposition to the motions.

With regard to the arguments about "factual issues" and "evidence," the motions before the court were motions to dismiss for failure to state a claim, not motions for summary judgment. A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). While all allegations of material fact are taken as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), a plaintiff's

obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions," and the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The court granted defendants' motions because it found that plaintiff had failed to allege facts sufficient to state a hybrid LMRA § 301 claim. Further leave to amend was denied because the court found that amendment would be futile.

With regard to the assertion that the court failed to consider all plaintiff's legal arguments, the court did address plaintiff's arguments to the extent that they were comprehensible. Plaintiff's other objections are more properly raised in an appeal of the court's order and judgment.

**IT IS SO ORDERED.**

Dated: September 21, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge